IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:17cr45
    Civil No. _____

BENJAMIN A. FAULKNER,
    Defendant.

## MEMORANDUM ORDER

Benjamin A. Faulkner, a federal prisoner proceeding *pro se*, has submitted two motions for return of seized property. (ECF Nos. 92, 93.) In his motions, Faulkner requests that the United States return to him items including four USBs, a Lexar SD Card, a Laptop Computer, and the "contents and virtual currency contained within the [B]itcoin wallet associated with" Faulkner. (ECF No. 92, at 3.)

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Post-conviction motions for return of property are civil actions. *United States v. Jones*, 215 F.3d 467, 468–69 (4th Cir. 2000). "Thus, a movant who seeks [Rule 41(g)] relief must comply with the fee requirements of the Prison Litigation Reform Act ("PLRA")." *United States v. Scates*, No. 3:98cr87, 2002 WL 32362034, at *1 (E.D. Va. Oct. 29, 2002). Accordingly, the Court ORDERS that:

1. The Clerk is DIRECTED to CONDITIONALLY DOCKET Faulkner's motion for return of seized property as a new civil action, (ECF No. 92), and terminate the pending motions, (ECF Nos. 92, 93), in his criminal case.

2. Within **forty-five (45) days** of the entry of this Order, Faulkner must submit his statement under oath or under penalty of perjury that:

   A. Identifies the nature of the action;
   B. States his belief that he is entitled to relief;
   C. Avers that he is unable to prepay fees or give security; and,
   D. Includes a statement of the assets he possesses.

**Failure to complete the sworn statement in its entirely will result in summary dismissal of the action.**

3. The Clerk shall obtain a certified copy of Faulkner's trust fund account for the six (6) month period immediately preceding the initiation of this action.

4. Faulkner must affirm his intention to pay the entire $402.00 filing fee. Accordingly, he must read, sign, and return to the Court the enclosed consent to collection of fees form within **forty-five (45) days** of the entry of this Order. **Failure to comply strictly with any of the above time requirements will result in summary dismissal of the action.** *See* Fed. R. Civ. P. 41(b).

5. Faulkner need not comply with paragraphs 1 through 4 if he submits the full $402.00 filing fee and withdraws his request to proceed *in forma pauperis* within **forty-five (45) days** of the entry of this Order.

6. Faulkner is prohibited from filing any other pleadings, motions, memoranda, or materials not specifically required herein or otherwise specifically ordered by the Court until he

2

is granted leave to proceed *in forma pauperis* or pays the full filing fee. The Court will not consider any material submitted in violation of this paragraph.

7. Faulkner must immediately advise the Court of his new address if he is transferred, released, or otherwise relocated while the action is pending. **Failure to do so may result in dismissal of the action.**

The Clerk is DIRECTED to send a copy of this Memorandum Order and a consent to collection of fees form to Faulkner.

It is so ORDERED.

Date: 2 February 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge