## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

BENJAMIN FAULKNER,

v.                                                    Civil Action No. 3:22cv73

UNITED STATES OF AMERICA,

## MEMORANDUM OPINION

Benjamin Faulkner, a federal prisoner proceeding *pro se*, filed this motion to return property, (ECF No. 2), pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return property that he forfeited as part of his criminal case in the United States District for the Middle District of Tennessee. Specifically, Faulkner requests the return of:

a) HDl with SN 210987654321 from HP Laptop
b) 16GB SD Card with SN 310900000985
c) Blue 16GB USB with SN 0EDD801CA90
d) Green 16GB USB with SN 0E0DD801CA90
e) Kingston 8GB USB with SN 0019E02CB6F35B8A05060A5C
f) Kingston 8GB USB with SN 5B870400011A
g) 32GB Lexar SD card
h) 8GB pink thumb drive with SN 7094D33E
i) HP Laptop with 2 hard drives contained within
j) The contents and virtual currency contained within the bitcoin wallet associated with Benjamin Alexander Faulkner further identified as:
   i.   Account: 3b125d29–30b8–440f–bf25–7eb450d9da53:
   ii.  Online wallet: http://blockchainbdgpzk.onion/wallet; and
   iii. Email associated with account: TheUnevenElephant@mail2tor.com and/or unevenelephant@sigaint.org

(ECF No. 2, at 8.)[1]  The United States has responded. (ECF No. 13.)  Faulkner filed a reply. (ECF No. 16).  The matter is ripe for judgment.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and spelling in the quotations from the parties' submissions.

# I. PROCEDURAL HISTORY

"In 2017, Faulkner pled guilty [in this Court] to one count of aggravated sexual abuse of a minor in violation of 18 U.S.C. § 2241(c)." *United States v. Faulkner*, No. 3:17cr45, 2019 WL 1579593, at *1 (E.D. Va. Apr. 12, 2019).   The Court sentenced Faulkner to life in prison.   *Id.* (citation omitted).

Prior to his arrest in the Eastern District of Virginia, Faulkner and another man, Patrick Falte, were under investigation in the United States District Court for the Middle District of Tennessee ("Tennessee District Court") for their roles in a child pornography website.   (ECF No. 13, at 2.)   On March 29, 2017, a grand jury indicted Faulkner and other defendants in the Tennessee District Court.   (ECF No. 13-1).   Faulkner was charged with: engaging in a Child Exploitation Enterprise (Count One); Conspiracy to Advertise Child Pornography (Count Two); and Conspiracy to Distribute Child Pornography (Count Three).   (*Id.* at 3–6.)   The indictment included a forfeiture allegation with respect to Faulkner that included each of the items Faulkner now seeks returned in this present motion.   (*Id.*  at 9–11.)

On November 2, 2018, Faulkner pled guilty to Counts One, Two, and Three of the Tennessee indictment.   (ECF No. 13-3, at 1.)   But on July 23, 2019, the parties submitted a joint motion to dismiss Counts Two and Three.   (ECF No. 13-5.)   On August 9, 2019, the Tennessee District Court sentenced Faulker to 420 months of imprisonment.   (ECF No. 13-6, at 1.)   As noted in the criminal minutes, "Forfeiture [was] agreed." (*Id.*)   The minutes further noted that the government would subsequently submit a forfeiture order.   (*See id.*)   On August 19, 2019, the Tennessee District Court entered a "Consent Preliminary Order of Forfeiture," as agreed to by Faulkner, through counsel.   (ECF No. 13-7.)   That Order included all the property identified in Faulkner's Tennessee indictment.   (*Id.* at 2.)   The Tennessee District Court imposed forfeiture as

part of Faulkner's sentence and specifically incorporated the forfeiture of the items seized from

Faulkner on October 3, 2016, into his judgment.  (ECF No. 13-8, at 8–9.)

## II. ANALYSIS

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).  The Court properly denies a motion for return of property if the

defendant lacks entitlement to "lawful possession of the seized property, the property is

contraband or subject to forfeiture[,] or the government's need for the property as evidence

continues."  *United States v. Rudisill*, 358 F. App'x 421, 421 (4th Cir. 2009) (quoting *United

States v. Van Cauwenberghe*, 934 F.2d 1048, 1060–61 (9th Cir. 1991)); *United States v.

Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (quoting *United States v. Mills*, 991 F.2d 609, 612

(9th Cir. 1993)).[2]

Here, the record establishes that Faulkner lacks lawful entitlement to return of the

property he seeks.  The Consent Preliminary Order of Forfeiture and the other documents from

the Tennessee District Court demonstrate that Faulkner forfeited the property he seeks here to the

United States.  Because the United States seized the property and it was forfeited to the United

States, Faulkner lacks lawful entitlement to the property, and he cannot avail himself of Rule

---

[2] The cases cited herein predating 2002 address motions brought pursuant to Federal Rule of Criminal Procedure 41(e).  The Advisory Committee reorganized Rule 41 in 2002, amended Rule 41(e), and recodified it as Rule 41(g).  The Advisory Committee Notes described the changes as "stylistic only."  *See* Fed. R. Crim. P. 41, Advisory Committee Notes, 2002 Amendments.

41(g) relief.  *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015) (citation omitted); *Rudisill*, 358 F. App'x at 421 (citing *Van Cauwenberghe*, 934 F.2d at 1060–61); *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996) ("It is well-settled that the federal government may defeat a Rule 41([g]) motion by demonstrating that the property is subject to federal forfeiture.") (citation omitted).

Faulkner responds that he can utilize Rule 41(g) to obtain the return of his property because there were defects in the forfeiture proceeding the Tennessee District Court.  (ECF No. 16.)  This argument fails.  Faulkner's property was subject to criminal forfeiture.  A "[c]riminal forfeiture is part of a defendant's sentence," *United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011) (citation omitted), and thus, can only be challenged on direct appeal, or the challenge is waived, *see Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (citations omitted).  Accordingly, the motion for return of property, (ECF No. 2), will be DENIED.  The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3 October 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge