IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BENJAMIN FAULKNER,**

v.  Civil Action No. **3:22CV73**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION

Benjamin Faulkner, a federal prisoner proceeding *pro se*, filed a Motion to Return Property, (ECF No. 2), pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return property that was forfeited as part of his criminal case in the United States District for the Middle District of Tennessee. By Memorandum Opinion and Order entered on October 3, 2022, the Court denied the Motion to Return Property and stated:

> The Court properly denies a motion for return of property if the defendant lacks entitlement to "lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues." *United States v. Rudisill*, 358 F. App'x 421, 421 (4th Cir. 2009) (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060–61 (9th Cir. 1991)); *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)).
>
>     Here, the record establishes that Faulkner lacks lawful entitlement to [the] return of the property he seeks. The Consent Preliminary Order of Forfeiture and the other documents from the Tennessee District Court demonstrate that Faulkner forfeited the property he seeks here to the United States. Because the United States seized the property and it was forfeited to the United States, Faulkner lacks lawful entitlement to the property, and he cannot avail himself of Rule 41(g) relief. *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015) (citation omitted); *Rudisill*, 358 F. App'x at 421 (citing *Van Cauwenberghe*, 934 F.2d at 1060–61); *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996) ("It is well-settled that the federal government may defeat a Rule 41([g]) motion by demonstrating that the property is subject to federal forfeiture.") (citation omitted).
>
>     Faulkner responds that he can utilize Rule 41(g) to obtain the return of his property because there were defects in the forfeiture proceeding [in] the Tennessee District Court. (ECF No. 16.) This argument fails. Faulkner's property was subject to criminal forfeiture. A "[c]riminal forfeiture is part of a defendant's sentence," *United States v. Martin*, 662 F.3d 301, 306 (4th Cir. 2011) (citation

> omitted), and thus, can only be challenged on direct appeal, or the challenge is waived, *see Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (citations omitted). Accordingly, the motion for return of property, (ECF No. 2), will be DENIED. The action will be DISMISSED.

*Faulkner v. United States*, No. 3:22CV73, 2022 WL 4856159, at *2 (E.D. Va. Oct. 3, 2022) (all alterations, except for second alteration, in original). On December 19, 2022, Faulkner filed a Motion to Reconsider. Accordingly, the Court will consider the motion as one seeking relief under Federal Rule of Civil Procedure 60(b). *See MLCAuto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992) (concluding post-judgment motion filed outside the period for filing a Rule 59(e) should be considered a Rule 60(b) Motion).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

2

In his Motion for Reconsideration, Faulkner fails to demonstrate that he has a meritorious claim or that exceptional circumstances warrant consideration of his Rule 60(b) Motion. *Dowell*, 993 F.2d at 48. Further, as noted above, a party cannot utilize Rule 60(b) to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc.*, 57 F.3d at 401 (citing *Williams*, 674 F.2d at 313); *Lee X v. Casey*, 771 F. Supp. 725, 728 (E.D. Va. 1991) ("A Rule 60(b) motion is not authorized when it is nothing more than a request for the district court to change its mind." (citing *Williams*, 674 F.2d at 313)). Lastly, to the extent that relief is sought under Rule 60(b)(1) for a mistake of law, Faulkner fails to demonstrate that the Court made any such mistake. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (explaining that relief is available for an "obvious error of law, apparent on the record," such as a decision that "conflicts with a clear statutory mandate" or "involves a fundamental misconception of the law" (citations omitted)). Accordingly, Faulkner's Motion for Reconsideration, (ECF No. 19), will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10 May 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge